

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. O. Murrell
County Judge
Sterling County
Sterling City, Texas

Dear Sir:

Opinion No. 0-6472
Re: Proper form of question to be
submitted to voters of county
under Article 8, Section 9,
Constitution of Texas, as
amended

Your request for opinion has been received
and carefully considered by this department. We quote
from your request as follows:

"Since Sterling County has no county
attorney or county auditor and the district
attorney does not live in the county, I will
appreciate your giving me an opinion on the
following provision of Article 8, Section 9
of the Constitution of Texas, as amended by
H. J. R. 18, which reads in part as follows:

"'. . . ; provided further, that be-
fore the said Commissioners Court may make
such re-allocation and changes in said county
taxes that the same shall be submitted to the
qualified property tax paying voters of such
county at a general or special election, and
shall be approved by a majority of the qual-
ified property tax paying voters, voting in
such election;. . .'

"Under the above quoted portion of
said Constitutional Amendment and the last
paragraph of Article 2982, Vernon's Civil

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. O. C. Murrell - Page 2

Statutes, should the Official Ballot specify the rates to be set in each Constitutional Fund, as for example, 'General Fund-From 25¢ to not to exceed 35¢; Road & Bridge Fund-From 15¢ to not to exceed 20¢; Jury fund-From 15¢ to not to exceed 10¢; Permanent Improvement Fund-From 25¢ to not to exceed 15¢, or should the Official Ballot specify that the Commissioners Court shall be authorized to increase or decrease the rates among the Constitutional Funds with the provision that the total of said rate shall not exceed the Constitutional limit of 80¢?

"Would a Ballot such as the following meet the requirements of the law?

"FOR
"Authorizing the Commissioners Court to re-allocate the rates of taxes among the Constitutional Funds by either increasing or decreasing the same, provided that in no event shall the total of said rate exceed the Constitutional limit of Eighty (80¢) Cents, exclusive of the Fifteen (15¢) Cent Special Road Tax

"AGAINST
(same as above). . . . ."

The portion of Article 2982, V. A. C. S., referred to in your letter reads as follows:

"The form in which any proposition or question to be voted on by the people of any city, county or other subdivision of the State shall be submitted, shall be prescribed by the local or municipal authorities submitting it."

H. J. R. 18, Acts 1943, 48th Legislature, p. 1143, proposing the amendment of Article 8, Section 9, Texas Constitution was submitted to the people of Texas on November 7, 1944, and received a favorable vote. Article 8, Section 9, Texas Constitution, as amended, now reads as follows:

Hon. G. C. Murrell - Page 3

"The State tax on property, exclusive
of the tax necessary to pay the public debt,
and of the taxes provided for the benefit of the
public free schools, shall never exceed thirty-
five (35) cents on the one hundred dollars valua-
tion; and no county, city or town shall levy
more than twenty-five (25) cents for city or
county purposes, and not exceeding fifteen (15)
cents for roads and bridges, and not exceeding
fifteen (15) cents to pay jurors, on the one
hundred dollars valuation, except for the pay-
ment of debts incurred prior to the adoption of
the Amendment September 25, 1883; and for the
erection of public buildings, streets, sewers,
waterworks and other permanent improvements, not
to exceed twenty-five (25) cents on the one
hundred dollars valuation, in any one year,
and except as is in this Constitution otherwise
provided; provided, however, that the Com-
missioners Court in any county may re-allocate
the foregoing county taxes by changing the rates
provided for any of the foregoing purposes by
either increasing or decreasing the same, but in
no event shall the total of said foregoing county
taxes exceed eighty (80) cents on the one hundred
dollars valuation, in any one year; provided
further, that before the said Commissioners Court
may make such re-allocations and changes in said
county taxes that the same shall be submitted to
the qualified property tax paying voters of such
county at a general or special election, and
shall be approved by a majority of the qualified
property tax paying voters, voting in such
election; and, provided further, that if and when
such re-allocations and changes in the aforesaid
county taxes have been approved by the qualified
property tax paying voters of any county, as herein
provided, such re-allocations and changes shall
remain in force and effect for a period of six (6)
years from the date of the election at which the
same shall be approved, unless the same again
shall have been changed by a majority vote of
the qualified property tax paying voters of such
county, voting on the proposition, after submission
by the Commissioners Court at a general or special
election for that purpose; and the Legislature
may also authorize an additional annual ad valorem
tax to be levied and collected for the further
maintenance of the public roads; provided, that a

338

majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This section shall not be construed as a limitation of powers delegated to counties, cities or towns by any other section or sections of this Constitution."

The above constitutional provision authorizes the Commissioners' Court to re-allocate and change the rates provided for the purposes therein set out by either increasing or decreasing them within the limitations therein set out provided that before such re-allocations and changes can be made same must be submitted to and be approved by a majority of the qualified property tax paying voters of such county at a general or special election. The amendment also provides that after such re-allocations and changes have been approved by such voters same shall remain in effect for six years unless changed prior thereto by a similar election.

It is our opinion that the proper form of question should submit the specific re-allocations and changes in the rates to the people as indicated in the first portion of the third paragraph of your letter.

It is our further opinion that the ballot form contained in the fourth paragraph of your letter giving the Commissioners' Court more or less blanket authority to increase or decrease the various tax rates among the constitutional funds is not a proper form to submit to the voters in the matter inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:BT


APPROVED
OPINION
COMMITTEE